# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAIRY FARMERS OF AMERICA, INC.,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**FOREMOST FARMS USA, COOPERATIVE,**<br><br>　　**Defendant.** | Case No. 20-CV-2490-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Dairy Farmers of America ("DFA") filed a Complaint in this Court against Defendant Foremost Farms USA, Cooperative ("Foremost") on October 2, 2020, asserting breach of contract claims. Several days earlier, on September 30, 2020, Foremost filed a Declaratory Judgment Complaint in the Western District of Wisconsin ("the Wisconsin Action") seeking a declaratory judgment that it had not breached any contract with DFA. Foremost has now filed a Motion to Stay, Dismiss, or Transfer (Doc. 5). Foremost asserts that the Court should stay this case pending resolution of a motion to dismiss filed by DFA in the Wisconsin Action. In the alternative, Foremost moves for dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(3) and (6), or for transfer of this case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). For the reasons stated in detail below, the Court grants in part and denies in part Foremost's motion. The Court stays this case until the Western District of Wisconsin issues a decision on the motion to dismiss pending before it, and the Court denies without prejudice Foremost's request to dismiss or transfer the case.

**I.**     **Legal Standard**

A district court has the discretion to stay the proceedings before it as part of its inherent power to control its docket.[1] "It may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[2]

When two federal courts have concurrent jurisdiction, "[t]he 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same party has previously been filed in another federal district court."[3] "The first-to-file rule provides that the court where jurisdiction first attaches determines the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate."[4] An exception to the first-to-file rule exists "where the first-filed suit constitutes an improper anticipatory filing, or one made under threat of a presumed adversary filing the mirror image of that suit in a different district."[5] Yet, "[c]ase law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies."[6]

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *see also Universal Premium Acceptance Corp. v. Oxford Bank & Tr.*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co.*, 323 F.2d at 588)).

[2] *Universal Premium*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3] *Id*. (citation omitted).

[4] *Id*. (citation omitted); *see also Hospah Coal Co. v. Chaco Energy Co*., 673 F.2d 1161, 1164 (10th Cir. 1982).

[5] *Universal Premium*, 2002 WL 31898217, at *2 (citation omitted).

[6] *Id.* (quotation marks and citations omitted); *see also Hospah Coal Co.*, 673 F.2d at 1163 (noting that the first court in which jurisdiction attached should decide venue and jurisdiction).

## II.     Factual and Procedural Background[7]

Plaintiff DFA is a cooperative owned and operated by its approximately 13,000 nationwide dairy-farm members.  Plaintiff's headquarters are in Kansas.  Defendant Foremost is a Wisconsin cooperative with its headquarters in Wisconsin.

DFA and Foremost entered into three written contracts, or supply agreements, in 2019.  DFA agreed to supply and sell milk to Foremost, and Foremost agreed to purchase and accept delivery of milk from DFA at two facilities in Wisconsin and one facility in Michigan.  At the beginning of the COVID-19 pandemic in 2020, a dispute arose between Foremost and DFA.  Foremost refused to purchase and take the full amount of milk under the contracts.  Foremost contends that a contractual force majeure provision excused its non-performance as well as the common law doctrines of impracticability and frustration of purpose.

The parties engaged in unsuccessful settlement discussions.  On September 30, 2020, Foremost filed the Wisconsin Action seeking a declaration that Foremost was temporarily excused from having to fulfill its obligations under the contracts.  Three days later, DFA filed the action in this Court asserting that Foremost breached the contracts.

On October 20, 2020, DFA filed a motion to dismiss in the Wisconsin Action, arguing that Foremost's declaratory judgment suit was an improper anticipatory filing.  On October 28, 2020, Foremost filed the motion currently before this Court—its motion to stay, dismiss, or transfer this case.  DFA agrees that a stay is appropriate but asserts that the Court should not dismiss or transfer the case.

---

[7] The facts are taken from DFA's Complaint filed in this Court and from the exhibits attached to Foremost's pending Motion to Dismiss.  These exhibits include the Complaint filed by Foremost in the Western District of Wisconsin and an affidavit from the Vice-President of Foremost.

### III. Discussion

Foremost filed the Wisconsin Action first. Approximately three days later, DFA filed this suit in this Court. As noted above, the court in which the first action was filed is the more appropriate court to determine whether the first-filed rule is applicable and whether the venue is appropriate. Thus, the Western District of Wisconsin should decide in the first instance whether to apply the first-filed rule.

In addition, Foremost and DFA agree that the Western District of Wisconsin should decide DFA's pending motion and agree that a stay in this Court is appropriate pending this decision. Granting a stay will serve judicial economy as all parties agree that the Western District of Wisconsin is the appropriate forum to decide the first-to-file and venue issue, and a ruling by this Court would be unnecessary, duplicative, and potentially contradictory. Accordingly, the Court finds that a stay is appropriate.

The Court declines to address the parties' arguments regarding Foremost's request for dismissal or transfer. Because the parties agree that a stay is appropriate, and disagree on whether dismissal or transfer is appropriate, it would be a waste of judicial resources to consider these arguments at the present time. Thus, the Court denies Foremost's request for dismissal or transfer without prejudice to refiling depending on the resolution of the Wisconsin Action.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Stay, Dismiss, or Transfer (Doc. 5) is **granted in part** and **denied in part**. This case is stayed until the Western District of Wisconsin issues a decision on the motion to dismiss pending before it. Defendant's Motion to Dismiss or Transfer is denied without prejudice to refiling. The parties shall provide an update to this Court in 90 days as to the status of the Wisconsin Action. In the

event the Western District of Wisconsin issues a decision prior to the lapse of 90 days, the parties shall also inform the Court.

**IT IS SO ORDERED.**

Dated: February 18, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
